Filed 6/13/22 P. v. Garcia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALBERTO FARAGIA GARCIA,<br><br>    Defendant and Appellant. | F082008<br><br>(Super. Ct. No. BF133232B)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County. John R. Brownlee, Judge.

Diana E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Detjen, Acting P. J., Franson, J. and Smith, J.

Appellant Alberto Faragia Garcia appeals following the denial of his petition for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015, § 4). The parties agree that the trial court erred in making certain factual findings and thus should not have denied appellant's petition at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore reverse the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2016, an amended information was filed charging appellant and Carla Mariela Garcia Torres with the premediated murder of appellant's niece, whom the two had been fostering. The information included additional charges related to child abuse and endangerment, along with an enhancement for personally inflicting great bodily injury.

After a jury trial, appellant and Torres were found guilty of a lesser included murder offense and the child abuse charges. Appellant eventually received an indeterminate term of 15 years to life, plus a consecutive, determinate term of four years.

On March 9, 2020, appellant petitioned for resentencing under former section 1170.95 by submitting a preprinted form. By checking various boxes, appellant alleged he had been charged with an offense that allowed the prosecution to proceed under a natural and probable consequences theory, that he was convicted of second degree murder under that doctrine, and that he could no longer be convicted of second degree murder because of changes made to sections 188 and 189. Appellant requested appointment of counsel and checked another box stating he had been convicted of second degree murder under the natural and probable consequences doctrine and could not now be convicted of murder.

---

[1] All further statutory references are to the Penal Code.

The People opposed appellant's petition. Reciting the facts of the case as detailed in the opinion from appellant's direct appeal, the People argued appellant could still be convicted of murder because he was both a major participant in the underlying crime and he had acted with reckless indifference to human life. The People also argued the evidence demonstrated appellant was the actual killer in this instance.

On November 12, 2020, following a hearing where the court detailed its reasoning, the trial court entered a minute order denying appellant's petition. The court's reasoning as stated at the hearing was twofold. First, relying on the opinion from appellant's direct appeal (*People v. Torres* (Sept. 25, 2019, F073750) [nonpub. opn.]), the court found that "[b]ased on the evidence presented at the trial, and specifically referring to the appellate opinion so as to not weigh or determine credibility, but only to understand the issues raised on appeal, there was evidence to support the proposition that [appellant]'s conduct directly led to the death of the victim, as well as a sufficient evidentiary showing to find [appellant] guilty as a direct perpetrator of the failure-to-act version of second-degree murder." The court thus determined, "there was sufficient evidence presented that [appellant] was a direct perpetrator. That's based on the language in the appellate opinion. That alone is dispositive as to [appellant]'s proposed relief." The court also concluded the evidence detailed showed appellant was a major participant in the murder who acted with reckless indifference to human life.

This appeal timely followed.

## DISCUSSION

As it currently stands and relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the

3.

natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) explains, "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause …." (Stats. 2021, ch. 551, § 2.)

The dispute in this case arises in the context of section 1170.95, subdivision (c) and its requirement that the court determine whether appellant "is entitled to relief." The process for making this determination is similar to habeas corpus proceedings. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Thus, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a

petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition ... the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, second bracketed insertion in original, abrogated on another ground in *Lewis*, at p. 963.)

In this case, the parties agree the trial court erred in determining appellant had not made a prima facie showing of eligibility. Upon review, this court accepts the parties' position. Although the factual recitation in appellant's prior appeal can support a finding appellant was convicted under a failure to act theory of liability, it is not dispositive on this point. Rather, as the trial court noted, in addition to this theory of liability, the jury was presented with a theory relying on the natural and probable consequences doctrine. Although the court found sufficient facts in the record of conviction to support a failure to act theory of liability, concluding that this made appellant ineligible for relief required the court to weigh these facts against competing facts supporting the alternative theory presented to the jury. Such factfinding is inappropriate at the prima facie stage of the proceedings and can only be made at the show cause hearing under section 1170.95, subdivision (d)(3).

## DISPOSITION

The court grants the People's request for judicial notice filed on August 24, 2021.

5.

The November 12, 2020 order denying appellant's petition for resentencing is vacated. The matter is remanded to the superior court with directions to issue an order to show cause and conduct a hearing on the petition to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).